**UNITED STATES of America, Plaintiff,**

v.

**Calvin Paul ST. ONGE, Defendant.**

**No. CR 87–32–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

Jan. 11, 1988.

Robert L. Zimmerman, Asst. U.S. Atty., Billings, for plaintiff.

Edward Cummings, Missoula, for defendant.

### MEMORANDUM AND ORDER

LOVELL, District Judge.

Before the court is the motion in limine of the United States, by which the government seeks to exclude certain evidence from the trial of this matter. The defendant evidently intends to present evidence that he believed he was shooting an elk at the time he allegedly shot the bear in question. The United States moves to prohibit such evidence on the ground that it does not constitute a defense to the crime charged.

Title 16, United States Code, Section 1538(a)(1)(G), provides that it is unlawful for any person to "violate any regulation pertaining to ... any threatened species of fish or wildlife ... promulgated by the

Secretary [of Interior] pursuant to authority provided by this Act." Criminal liability may be imposed against "[a]ny person who knowingly violates any ... regulation" issued under the Act. 16 U.S.C. § 1540(b)(1). Under regulations promulgated by the Secretary pursuant to § 1538, it is unlawful for any person to "take any grizzly bear in the 48 coterminous states of the United States." 50 C.F.R. § 17.40(b)(1)(i).

■ As provided in the criminal penalty section, "knowingly" clearly is an element of the offense. The issue in this case is whether the government must prove that defendant knew he was shooting a grizzly bear at the time he pulled the trigger, or whether the government need only prove that he knowingly shot an animal which turned out to be a grizzly bear.

The court has found only one case that is closely on point. In *United States v. Billie,* 667 F.Supp. 1485 (S.D.Fla.1987), the defendant was charged with taking a Florida panther, an endangered species. He argued that the government was required to prove that he knew the animal he shot was a Florida panther, as opposed to a nonendangered species of panther. The court rejected this argument and ruled that the government "need prove only that the defendant acted with general intent when he shot the animal in question." *Id.* at 1493. The court's rationale was that the Endangered Species Act is a regulatory statute, enacted to conserve and protect endangered species, and that its purposes would be eviscerated if the government had to prove that the hunter recognized the particular subspecies protected under the Act. *Id.* at 1492–93.

This interpretation is supported by the legislative history of the Act. The House Report to the 1978 amendments demonstrates that Congress intended to make "criminal violations of the Act a general rather than a specific intent crime." H.R. Rep. No. 95–1625, 95th Cong., 2d Sess. 26 (1978), *reprinted in* 1978 U.S. Code Cong. & Admin. News 9453, 9476.

This construction of the "knowingly" requirement would best give effect to the regulatory and protective nature of the Act. The purposes of the Endangered Spe-

cies Act would be thwarted if the court were to adopt the defendant's construction of the Act. The critical issue is whether the act was done knowingly, not whether the defendant recognized what he was shooting. The scienter element applies to the act of taking; thus, defendant could only claim accident or mistake if he did not intend to discharge his firearm, or the weapon malfunctioned, or similar circumstances occurred. Given the regulatory nature of the Act, and its broad purposes to protect listed species, the government cannot be required to prove that he had the specific intent to take a grizzly bear.

Accordingly, the court intends to instruct the jury that the government must prove three elements beyond a reasonable doubt in order for the defendant to be convicted: first, that the defendant knowingly took an animal within the United States; second, that the animal was a grizzly bear; and third, that the defendant did not have permission from the United States Department of the Interior to take the bear. The court will not grant the motion in limine at this time, but will reserve ruling until the close of the government's case in chief.

The clerk is directed forthwith to notify counsel of entry of this order.